UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Rosenstiel, II, | Case No. 23-cv-1876 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| John Paul McDonald, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff Michael Rosenstiel, II's Motion to Compel Discovery Responses, ECF No. 44. No response was filed by Defendant John Paul McDonald. A hearing was held on July 25, 2024. *See* ECF No. 56. Plaintiff appeared at the hearing through its attorney, Aaron Ponce. Defendant John Paul McDonald did not appear at the hearing. Defendant's former attorney Earl Gray appeared but did not participate in responding to the motion. This matter was taken under advisement following the conclusion of the hearing. For the reasons that follow, the Court will grant Plaintiff's second motion to compel.

## II. BACKGROUND

Plaintiff moves for an order compelling Defendant to respond to interrogatories and requests for production of documents relating to Plaintiff's recently permitted punitive damages claim. *See* Pl.'s Mem. in Supp. at 1-3, ECF No. 46; *see also* ECF No 38. Plaintiff also seeks its costs and fees incurred in bringing his second motion to compel. *See* Pl.'s

1

Mem. in Supp. at 3-4. As noted above, Defendant has not responded to Plaintiff's motion.

Plaintiff served interrogatories and requests for production of documents on Defendant on May 9, 2024. *Id.* at 2. Defendant has not responded. *Id.* Fact discovery (with respect to Plaintiff's punitive damages claim) closed on August 1, 2024. *See* Third Amended Pretrial Scheduling Order at paragraph 1(b), ECF No. 41. When asked about the status of the responses, Plaintiff represents that defense counsel could not give a definitive response as to when Plaintiff can expect a response. *See* Pl.'s Mem. in Supp. at 2. Defendant has also not filed a response to Plaintiff's motion to compel and at the hearing, defense counsel had nothing to add in response to Plaintiff's now second motion to compel.

### III. ANALYSIS

#### A. Legal Standard

Rule 33 of the Federal Rules of Civil Procedure provides that a "party must serve its answers and any objections within 30 days after being served with the interrogatories" unless a different response time is agreed to by the parties or ordered by the Court. Fed. R. Civ. P. 33(b)(2); *see SIM Surgical v. SpineFrontier, LLC*, No. 4:20-CV-01060-JAR, 2023 WL 1100380, at *2 (E.D. Mo. Jan. 30, 2023) ("[R]esponses to written discovery must comply with the requirements of Federal Rules of Civil Procedure 33 and 34, including the time to respond and waiver of objections if not timely raised."). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see SIM Surgical*, 2023 WL 1100380, at *2. Likewise, with respect to document requests, Rule 34 provides that a party "must respond in writing within 30 days after being served" unless a different response time is agreed to by the parties or ordered

2

by the Court. Fed. R. Civ. P. 34(b)(2)(A); *see SIM Surgical*, 2023 WL 1100380, at *2. And, while "Rule 34 does not contain explicit language providing that a failure to timely object to discovery constitutes a waiver of those objections" . . . "courts in this District have adopted a rule that such a waiver is implied into Rule 34 for late objections unless the Court excuses the failure for good cause shown." *Klein v. Affiliated Grp., Inc.*, No. 18-cv-949 (DWF/ECW), 2019 WL 1307884, at *5 (D. Minn. Mar. 22, 2019) (citing cases); *see also, e.g.*, *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012).

Rule 37 of the Federal Rules of Civil Procedure allows a party to move for an order compelling a discovery response when a party fails to answer an interrogatory or produce documents in response to document requests. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Under Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Further, when a motion to compel is granted, Rule 37 provides that the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such expenses should not be ordered, however, if "the opposing party's nondisclosure, response, or objection was substantially justified; or" if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

### B. Discovery Requests

Plaintiff's motion is granted as to the requested discovery. The interrogatories and requests for production of documents relate to Plaintiff's recently permitted punitive

3

damages claim. Based on the record before the Court, Defendant has utterly failed to respond to Plaintiff's interrogatories and document requests. Defendant had more than two months to respond and failed to do so. Any objections to these discovery requests are waived. **On or before September 6, 2024**, Defendant must provide to Plaintiff: (1) his responses to Plaintiff's Interrogatories to Defendant Regarding Punitive Damages served on May 9, 2024, signed under penalties of perjury, *see generally* Ex. 1 to Decl. of Aaron Ponce, ECF No. 47-1; and (2) all responsive documents and electronically stored information in response to Plaintiff's Requests for Production of Documents, Electronically Stored Information, and Things to Defendant Regarding Punitive Damages served on May 9, 2024, *see generally id.*

Defendant is expressly cautioned that failure to comply with this Order "may be treated as contempt of court under Rule 37." *Bigham v. R & S Heating*, No. 14-cv-1357 (DWF), 2020 WL 6743481, at *7 (D. Minn. Nov. 17, 2020); *see* Fed. R. Civ. P. 37(b)(2)(A)(vii) (option to treat failure to comply with discovery order as contempt of court). "The objective of a court's contempt power is 'to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject.'" *Bricklayers & Allied Craftworkers Serv. Corp. v. O'Hara Masonry, Inc.*, No. 22-cv-2003 (KMM/TNL), 2023 WL 4580971, at *1 (D. Minn. July 18, 2023) (quoting *Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 504 (8th Cir. 2000)).

### C. Fees & Costs

As stated above, Rule 37 provides that, when a motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct

4

necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such expenses should not be ordered, however, if "the opposing party's nondisclosure, response, or objection was substantially justified; or" if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

Defendant did not respond to Plaintiff's motion.[1] Defendant has not offered any justification to the Court for his failure to respond to the discovery requests, let alone substantial justification. Defendant has not even argued that expenses should not be awarded here.

Accordingly, Defendant, but not Defendant's former attorney, shall bear the reasonable expenses, including attorney fees, incurred by Plaintiff in bringing his second motion to compel. Plaintiff shall file no later than **September 6, 2024** an affidavit setting forth the time reasonably spent on his second motion to compel, the hourly rate requested for attorney's fees, any expenses incurred in bringing his second motion to compel, and any factual matters pertinent to attorney's fees. Defendant shall file any and all objections to Plaintiff's affidavit no later than **September 20, 2024**.

### IV. ORDER

Based upon the record, memoranda, and the proceedings herein, and for the reasons

---

[1] An award of attorney's fees and costs associated with Plaintiff bringing his second motion to compel is also appropriate under this District's Local Rules for Defendant's failure to timely file and serve a responsive memorandum of law and any affidavits and exhibits. *See* D. Minn. LR 7.1(g)(4) ("If a party fails to timely file and serve a memorandum of law, the court may: . . . (4) award reasonable attorney's fees to the opposing party . . . ."). As noted above, Defendant did not file a responsive memorandum of law and any affidavits or exhibits, nor request an extension of time to do so.

stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Compel Discovery Responses, ECF No. 44, is **GRANTED**.

2. **On or before September 6, 2024**, Defendant must provide to Plaintiff: (1) his responses to Plaintiff's Interrogatories to Defendant Regarding Punitive Damages served on May 9, 2024, signed under penalties of perjury, *see generally* Ex. 1 to Ponce Decl., ECF No. 47-1; and (2) all responsive documents and electronically stored information in response to Plaintiff's Requests for Production of Documents, Electronically Stored Information, and Things to Defendant Regarding Punitive Damages served on May 9, 2024, *see generally id.*

3. **On or before September 6, 2024**, Plaintiff shall file an affidavit of counsel, setting forth the reasonable expenses, including attorney fees, incurred in bringing the motion to compel.

4. **On or before September 20, 2024**, Defendant shall file a response to the amounts requested by Plaintiff.

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: August 26, 2024

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Rosenstiel v. McDonald*,
Case No. 23-cv-1876 (NEB/TNL)