UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Rosenstiel, II, | Case No. 23-cv-1876 (NEB/TNL) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| John Paul McDonald, | |
| Defendant. | |

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff Michael Rosenstiel, II's Motion for Sanctions Against Defendant John Paul McDonald, ECF No. 51. This motion has been referred to the undersigned for a report and recommendation to the district court, the Honorable Nancy E. Brasel, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. The Court took the motion under advisement, on the papers, without a hearing. ECF No. 57; *see also* D. Minn. LR 7.1(b). For the reasons set forth below, the Court recommends that Plaintiff's motion for sanctions be granted.

## II. BACKGROUND

According to Plaintiff, issues relating to discovery began with Defendant's failure to attend his own deposition, *see* Pl.'s Mem. in Supp. at 1, ECF No. 52, resulting in multiple amended pretrial scheduling orders, *see* ECF Nos. 16 and 19. On April 23, 2024, Plaintiff filed a Motion to Compel Discovery Responses. ECF No. 28. Plaintiff contended that it

1

served Defendant with its Second Set of Interrogatories on March 13, 2024 via U.S. Mail, and Defendant had not responded to the interrogatory. Decl. of Aaron Ponce ¶¶ 8-9, ECF No. 31; *see also* Ex. 1 to Ponce Decl., ECF No. 34; Pl.'s Mem. in Supp. of Mot. for Discovery at 2, ECF No. 30. Plaintiff moved for an order compelling Defendant to respond to Plaintiff's interrogatory. ECF No. 28. Defendant never responded to Plaintiff's motion. Plaintiff has already brought a second motion to compel, *see* ECF No. 44, relating to his newly permitted punitive damages claim, *see* ECF No. 38, and Defendant also failed to respond to Plaintiff's second motion to compel. *See* ECF No. 57.

On May 7, 2024, the Court granted Plaintiff's Motion to Compel Discovery Responses. *See* ECF No. 38. The Court incorporates its May 7, 2024 Order by reference herein. As relevant to the pending motion before the Court, the May 7, 2024 Order required Defendant to "serve its answers to Plaintiff's interrogatory within 21 days" of the Court's May 7, 2024 Order. *Id.* According to Plaintiff, Defendant has not complied with the Court's May 7, 2024 Order. Pl.'s Mem. in Supp. at 4, ECF No. 52. Specifically, "Defendant has not responded nor has he offered any viable justification for his non-response." *Id.*; Decl. of Aaron Ponce ¶ 10, ECF No. 53.

On July 22, 2024, Plaintiff filed his motion for sanctions against Defendant for his non-compliance with the Court's May 7, 2024 Order. ECF No. 51. Plaintiff moves the Court to enter default judgment as to liability against Defendant and to award Plaintiff his reasonable attorney's fees incurred in bringing its motion for sanctions. Pl.'s Mem. in Supp. at 3-5, ECF No. 52. Defendant did not file a responsive memorandum of law and any affidavits or exhibits, nor request an extension of time to do so.

### III. ANALYSIS

Pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, Plaintiff moves the Court to enter default judgment against Defendant as to liability and award Plaintiff his reasonable attorney's fees incurred in bringing its motion for sanctions. Pl.'s Mem. in Supp. at 3-5, ECF No. 52.

Under Rule 37, if a party "fails to obey an order to provide or permit discovery," a court may issue an order that includes the following:

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv)  staying further proceedings until the order is obeyed;

(v)   dismissing the action or proceeding in whole or in part;

(vi)  rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Instead of, or in addition to, these sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

3

Rule 37 sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam). "A court's discretion to issue Rule 37 sanctions is bounded by the requirement of Rule 37(b)(2) that the sanction be just and relate to the claim at issue in the order to provide discovery." *Owens v. Linn Companies*, No. 16-cv-776 (WMW/TNL), 2017 WL 2304260, at *11 (D. Minn. Apr. 17, 2017) (quotations omitted), *report and recommendation adopted*, 2017 WL 2304210 (D. Minn. May 25, 2017), *aff'd*, 720 Fed. App'x 816 (8th Cir. 2018).

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," such as "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). "Entry of default judgment as a sanction should be a 'rare judicial act.'" *United States v. Yennie*, 585 F. Supp. 3d 1194, 1199 (D. Minn. 2022) (quoting *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir. 1977)). "The sanction of default judgment under Rule 37 may be appropriate when a party's 'failure to comply with discovery has been due to . . . willfulness, bad faith, or any fault of that party.'" *Yennie*, 585 F. Supp. 3d at 1199 (quoting *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958)). "When the facts show willfulness and bad faith . . . the district court need not investigate the propriety of a less extreme sanction." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817–18 (8th Cir. 2001). "[T]he selection of a proper sanction . . . is entrusted to the sound discretion of the district court." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555,

4

558 (8th Cir. 1992). However, "default judgment is not an appropriate sanction for a marginal failure to comply with time requirements." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (quotation marks omitted). Willfulness and bad faith are found where a party has repeatedly failed to engage in discovery. *See, e.g.*, *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (affirming default-judgment sanction because defendants failed to engage in discovery, failed to appear at depositions and hearings, and failed engage with counsel for numerous months); *Everyday Learning Corp.*, 242 F.3d at 818 (affirming default-judgment sanction because defendant repeatedly violated a court order, delayed production of documents, evaded subpoenas, and sought untimely discovery); *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (affirming default-judgment because defendant violated numerous court orders and failed to comply with discovery requests).

In this matter, Defendant has delayed the progress of this matter by being non-responsive with respect to discovery matters. Defendant has failed to attend at least one deposition, failed to respond to multiple motions for discovery, and has failed to respond to several discovery requests, even when ordered to do so by this Court. Defendant has also failed to respond to Plaintiff's motion for sanctions and has failed to provide an explanation for his failure to comply with his discovery obligations. Defendant's defiance is more than "a marginal failure to comply with time requirements." *Ackra Direct Mktg. Corp.*, 86 F.3d at 856. Therefore, the Court recommends finding that Defendant has willfully and in bad faith violated the Federal Rules of Civil Procedure and this Court's May 7, 2024 Order. This type of conduct warrants a default-judgment sanction as to liability.

Furthermore, in addition to the above sanction, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Court recommends ordering Defendant, but not Defendant's former attorney, to reimburse Plaintiff all reasonable expenses and attorney's fees associated with bringing the motion for sanctions. Fed. R. Civ. P. 37(b)(2)(C).[1]

Accordingly, Defendant shall pay Plaintiff reasonable expenses and attorney's fees incurred in bringing his motion for sanctions. Plaintiff shall file no later than **September 6, 2024** an affidavit setting forth the time reasonably spent on his motion for sanctions, the hourly rate requested for attorney's fees, any expenses incurred in bringing the motion for sanctions, and any factual matters pertinent to attorney's fees. Defendant shall file any and all objections to Plaintiff's affidavit no later than **September 20, 2024**. Further, to the extent he has not already done so, the Court will again order Defendant to respond fully and appropriately to Plaintiff's discovery requests as set forth in the Court's May 7, 2024 Order. As a final matter, Defendant is warned, and Plaintiff should also take heed, that the Court will not hesitate to impose additional appropriate sanctions should the record reflect a continuing pattern of Defendant's failure to comply with its discovery obligations.

---

[1] An award of attorney's fees and costs associated with Plaintiff bringing its motion for sanctions is also appropriate under this District's Local Rules for Defendant's failure to timely file and serve a responsive memorandum of law and any affidavits and exhibits. *See* D. Minn. LR 7.1(g)(4) ("If a party fails to timely file and serve a memorandum of law, the court may: . . . (4) award reasonable attorney's fees to the opposing party . . . ."). As noted above, Defendant did not file a responsive memorandum of law and any affidavits or exhibits, nor request an extension of time to do so.

## IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Sanctions Against Defendant John Paul McDonald, ECF No. 51, be **GRANTED**.

2. Defendant shall reimburse Plaintiff all reasonable expenses and attorney's fees associated with bringing his motion for sanctions.

3. **On or before September 6, 2024**, Plaintiff shall file an affidavit setting forth the time, reasonably spent on his motion for sanctions, the hourly rate requested for attorney's fees, any expenses incurred in bringing the motion for sanctions, and any factual matters pertinent to attorney's fees.

4. **On or before September 20, 2024**, Defendant shall file any and all objections to Plaintiff's affidavit.

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: August 26, 2024

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Rosenstiel v. McDonald*,
Case No. 23-cv-1876 (NEB/TNL)

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the

District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).