UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Rosenstiel, II, <br><br> Plaintiff, <br><br> v. <br><br> John Paul McDonald, <br><br> Defendant. | Case No. 23-cv-1876 (NEB/TNL) <br><br> **ORDER** |

Aaron M. Ponce, TC Injury Law, 10 South Fifth Street, Suite 1010, Minneapolis, MN 55402 (for Plaintiff); and

John Paul McDonald, 12317 Bella Stelle Drive, Fort Worth, TX 76126 (pro se Defendant).

## I. BACKGROUND

On August 26, 2024, among other things, the Court ordered Defendant John Paul McDonald to pay Plaintiff Michael Rosenstiel, II's reasonable attorney fees and costs associated with Rosenstiel bringing his second Motion to Compel Discovery Responses, ECF No. 44. *See* ECF No. 60 at 5-6. The Court ordered Rosenstiel to "file an affidavit of counsel, setting forth the reasonable expenses, including attorney fees, incurred in bringing the motion to compel." *Id*. at 6. McDonald was given an opportunity to "file a response to the amounts requested by Plaintiff." *Id*.

In his affidavit of Aaron M. Ponce, counsel for Plaintiff requests a total attorney fee award of $2,340.00 for 5.2 hours of legal work. Aff. of Aaron M. Ponce ¶¶ 6, 8, ECF No. 65. McDonald did not file any response or objection to Mr. Ponce's affidavit.

1

## II. ANALYSIS

In its prior Order, the Court determined that an award of reasonable attorney fees and costs is appropriate in this matter. *See* ECF No. 60 at 5-6. A district court has "substantial discretion" when determining the reasonableness of attorney fees. *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084-85 (8th Cir. 2000); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party seeking attorney fees bears the burden of showing that the fees sought are reasonable. *Hensley*, 461 U.S. at 437. To determine what fees are reasonable, federal courts use the "lodestar" method set forth in *Hensley*. *See Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986). Under the lodestar approach, the amount is presumed to be the reasonable fee to which counsel is entitled. *Id.* at 564; *McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988). In order to calculate the lodestar amount, federal courts multiply the number of hours reasonably expended by a reasonable hourly rate, *Hensley*, 461 U.S. at 433, which must be "in line with [the] prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

"[C]ourts must determine whether the hours claimed were reasonably expended . . . [and] should weigh the hours claimed against their own knowledge, experience, and expertise of the time required to complete similar activities." *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018) (quotation and citations omitted). "Hours that are excessive, redundant, or otherwise unnecessary must be excluded from the district court's determination of reasonable time expended on the case." *Miller v. Dugan*, 764 F.3d 826,

832 (8th Cir. 2014) (quotation omitted); *see also Skender v. Eden Isle Corp.*, 33 F.4th 515, 521 (8th Cir. 2022) ("[T]he court may exclude hours that were not reasonably expended."). At the same time, however, "[q]uantifying the appropriate level of 'lawyering' is not an exact science." *J.W. ex rel. Tolbert v. Saint Paul Pub. Schs. Indep. Sch. Dist. No. 625*, 12-cv-1369 (DWF/JSM), 2013 WL 5177471, at *6 (D. Minn. Sept. 13, 2013); *see, e.g.*, *In Re Nat'l Hockey League Players' Concussion Inj. Litig.*, MDL No. 14-2551 (SRN/BRT), 2017 WL 3276873, at *5 (D. Minn. July 31, 2017) ("[N]o precise rule or formula applies to the determination of reasonableness of the time expended."). The burden is on the party seeking attorney fees to establish entitlement to an award with documentation that addresses the nature of the work and the appropriateness of the hourly rates and hours expended. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 437).

The Court finds Mr. Ponce's typical hourly rate of $450.00 an hour to be reasonable. The record reflects that Mr. Ponce has been admitted to practice law since October 1999 and has continuously practiced since that time. Aff. of Ponce ¶ 3. Mr. Ponce handles some personal injury matters on a contingent basis, but when not a contingent basis Mr. Ponce charges $450.00 an hour. *Id.* ¶¶ 4-5. The record further represents that Mr. Ponce spent 5.2 hours researching and drafting Plaintiff's motion to compel. *Id.* ¶ 6. And that he did not incur any costs associated with the motion to compel. *Id.* ¶ 7. Thus, Mr. Ponce is seeking $2,340.00 in legal fees. *Id.* ¶ 8.

Based on both Mr. Ponce's submissions and the Court's knowledge of and experience with prevailing rates in this legal market, the Court finds that the requested

3

$450.00 an hour rate to be reasonable and consistent with the rates in this community for similar services by lawyers of comparable experience. *See Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

The Court next finds that the number of hours Mr. Ponce expended on the motion to be reasonable. Under the lodestar analysis, a district court should exclude "hours that were not reasonably expended." *Hensley*, 461 U.S. at 434 (quotation omitted). Therefore, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. The record reflects that Mr. Ponce spent 5.2 hours on matters related to Plaintiff's motion to compel, including researching and drafting the motion and the corresponding documents. Aff. of Ponce ¶ 6.

The Court has reviewed the affidavit submitted by Mr. Ponce and finds that the affidavit supporting the fee request for 5.2 hours to be detailed and reasonable. The Court further finds that Mr. Ponce reasonably expended these hours and that the hours are not "excessive, redundant, or otherwise unnecessary." *See Hensley*, 461 U.S. at 434. Based on the record before the Court, the Court concludes that Mr. Ponce reasonably expended 5.2 hours, and Mr. Ponce is awarded reasonable attorney fees in the amount of $2,340.00.

### III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Rosenstiel is awarded reasonable attorney fees in the amount of $2,340.00.

4

2. **This amount shall be paid by McDonald to Rosenstiel within 30 days from the date of this Order.**

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: November 4, 2024

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Rosenstiel v. McDonald*
Case No. 23-cv-1876 (NEB/TNL)